**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SHEVADA TOOLS, individually and on
behalf of all other similarly situated
individuals,

      Plaintiff,

v.

EVIDENT STAFFING, INC.
(d/b/a EVIDENT HEALTHCARE
MANAGEMENT and EVIDENT
STAFFING, LLC),

      Defendant.

Civ. Action No.: _____

---

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Shevada Tools ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Evident Staffing, Inc. (d/b/a Evident Healthcare Management and Evident Staffing, LLC) ("Defendant"), and on behalf of the members of the putative Minnesota Rule 23 Class, brings this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and/or the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq.* ("MFLSA").

**I.**

**OVERVIEW**

1. Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually,

and on behalf of all current or former hourly-paid health care workers employed by Defendant within three years back from the date this Complaint was filed.

2. Plaintiff also brings claims to recover unpaid overtime wages under the MFLSA, Minn. Stat. § 177.25. Plaintiff brings these claims as a putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II.

## THE PARTIES

**Plaintiff**

3. Plaintiff is a citizen of the United States domiciled in the City of Woodbury, State of Minnesota. Defendant employed Plaintiff as an hourly-paid health care worker, specifically a Registered Nurse ("RN"), from approximately February 2020 to January 2021.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted. Her consent form is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiff, those similarly situated, and the putative Minnesota Rule 23 Class are or were Defendant's employees within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

6. This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation for hours worked over 40 in a workweek.

7. This action is also brought as a putative class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the MFLSA, for failure to pay state mandated overtime compensation for hours worked over 48 in a workweek.

8. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the putative Minnesota Rule 23 Class.

**Defendant**

9. Defendant Evident Staffing, Inc., which does business as Evident Healthcare Management and Evident Staffing, LLC, is a Minnesota corporation with its principal place of business in Woodbury, Minnesota.

10. Defendant is an agency that provides health care staffing services in nursing homes, assisted living facilities, hospitals, and private homes.

11. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

12. Plaintiff, and those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

13. At all relevant times, Defendant is, and has been, the "employer" of Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

### III.

### JURISDICTION

14. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiff's claims arise under § 207(a) of the FLSA.  Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the District of Minnesota.

15. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

### IV.

### VENUE

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

### V.

### COLLECTIVE AND CLASS ACTION DEFINITIONS

17. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former hourly-paid health care workers employed by Defendant at any time from three years prior to the filing of this Complaint through the present and beyond (the "FLSA Collective").

18. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

All current or former hourly-paid health care workers employed by Defendant in Minnesota at any time from three years prior to the filing of this Complaint through the present and beyond (the "Minnesota Rule 23 Class").

## VI.

## FACTS

19. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

20. Plaintiff and the members of the putative FLSA Collective and Minnesota Rule 23 Class are or were employed by Defendant as hourly-paid health care workers to provide health care services for the elderly, ill or disabled in nursing homes, assisted living facilities, hospitals, and private homes.

21. Defendant suffered and permitted Plaintiff to regularly work more than 40 and/or 48 hours in certain workweeks. Upon information and belief, Defendant also suffered and permitted the members of the putative FLSA Collective and members of the putative Minnesota Rule 23 Class to regularly work more than 40 and/or 48 hours in certain workweeks.

22. Plaintiff and those similarly situated were not compensated in accordance with the FLSA and/or the MFLSA because they were not paid proper overtime wages for all hours worked in 40 and/or 48 in a workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for their overtime hours worked, Defendant paid them straight time.

23. Defendant is aware, or should have been aware, that Plaintiff, the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class worked overtime

5

hours because Defendant routinely permitted them to work overtime hours and overtime hours appeared on their timesheets.

24. Defendant was also aware that Plaintiff, the putative FLSA Collective and members of the putative Minnesota Rule 23 Class worked overtime hours for which Defendant did not compensate them properly because it received complaints about the practice.

25. For instance, Plaintiff complained to Defendant's management personnel and its owner. Specifically, on or about when Plaintiff received her first paycheck that reflected overtime hours but no overtime premium pay, she inquired to management about why she did not receive time-and-a-half for overtime. Management informed her that Defendant did not pay overtime and directed her to speak with Defendant's owner when she questioned that response. Plaintiff then spoke with Defendant's owner, who told her that Defendant paid straight time only for overtime hours worked rather than time-and-a-half because the contracts Defendant had with certain facilities did not pay enough to pay overtime premium pay. Plaintiff explained to Defendant's owner that she believed this practice to be illegal.

26. Defendant did pay Plaintiff some back wages at time-and-a-half for her work at one facility after Plaintiff complained to Defendant that she learned that Defendant's contract with that facility provided for overtime pay at time-and-a-half. Plaintiff complained to Defendant's management team about the overtime pay issue on at least one other occasion, but her complaint was not addressed.

27. During her employment with Defendant, Plaintiff routinely worked overtime hours for which she was not paid an overtime premium. For example, in the workweek ending May 2, 2020, Plaintiff worked 58 hours. Defendant did not compensate her with an overtime premium of 1.5 times her hourly rate for any of the overtime hours she worked that week.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

29. Plaintiff brings Count I individually and on behalf of that putative FLSA Collective.

30. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

31. Defendant violated, and is violating, the FLSA by not paying hourly health care workers, like Plaintiff and the putative FLSA Collective, overtime as required by law.

32. Defendant is aware that it was not compensating Plaintiff, the putative FLSA Collective, and the members of the putative Minnesota Rule 23 Class properly for overtime, because Plaintiff complained to Defendant about not receiving 1.5 times her regular rate for overtime hours worked.

33. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the putative FLSA Collective proper overtime compensation.

## VIII.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

35. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II individually and on behalf of the putative Minnesota Rule 23 Class.

36. The persons in the putative Minnesota Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number has not been determined, Defendant, on information and belief, has employed hundreds of individuals as hourly-paid health care workers during the applicable statute of limitations period. Plaintiff and the putative Minnesota Rule 23 Class have been equally affected by Defendant's violations of law.

37. There are questions of law and fact common to the putative Minnesota Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to the following:

   a. Whether Defendant violated Minnesota law for failure to pay overtime wages;
   b. The proper measure and calculation of damages; and
   c. Whether Defendant's actions were willful or in good faith.

38. Plaintiff's claims are typical of those members of the putative Minnesota Rule 23 Class. Plaintiff, like other members of the putative Minnesota Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the putative Minnesota Rule 23 Class, as all class members are or were hourly-paid health care workers who were performing similar duties while working in nursing homes, assisted living facilities, hospitals, and private homes.

39. Plaintiff will fairly and adequately protect the interest of the putative Minnesota Rule 23 Class and retained counsel experienced in complex wage and hour class and collective action litigation.

40. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

41. Plaintiff intends to send notice to all members of the putative Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## IX.

## CAUSES OF ACTION

### COUNT I – OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201 *et seq.*
*On Behalf of Plaintiff and the Putative FLSA Collective*

42.   Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

43.   The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 40 per workweek.

44.   Defendant suffered and permitted Plaintiff and the putative FLSA Collective to work more than 40 hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

45.   Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

46.   Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the putative FLSA Collective to suffer loss of wages and interest thereon.

47.   Plaintiff and the putative FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorneys' fees and costs.

### COUNT II – OVERTIME WAGES
### VIOLATION OF THE MINNESOTA
### FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21 *et seq.*
*On Behalf of Plaintiff and the Putative Minnesota Rule 23 Class*

48.   Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

49. Plaintiff and the putative Minnesota Rule 23 Class were or are employees of Defendant and Defendant was their employer within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

50. The MFLSA requires employers to pay their employees for hours worked in excess of 48 in an individual work week at a rate no less than 1.5 times their regular hourly rate of pay.

51. When Defendant paid Plaintiff and the putative Minnesota Rule 23 Class straight time, rather than the required 1.5 times their regular hourly rate for hours worked over 48 in a workweek, it violated the MFLSA.

52. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of the putative FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative FLSA Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment against Defendant for violation of the overtime provisions of the FLSA;

3. Judgment that Defendant's violations of the FLSA were willful;

4. An award to Plaintiff and the putative FLSA Collective for unpaid overtime wages and liquidated damages;

5. An award of any pre- and post-judgment interest;

6. An award of reasonable attorneys' fees and costs;

7. Leave to add additional plaintiffs, defendants, and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8. Such further relief as the Court deems just and reasonable.

**WHEREFORE**, Plaintiff, individually and on behalf of the putative Minnesota Rule 23 Class, prays for relief as follows:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the putative Minnesota Rule 23 Class, and the appointment of Plaintiff as the class representative and her counsel as class counsel;

2. Judgment against Defendant for violation of the overtime provisions of the MFLSA;

3. Judgment that Defendant's violations of the MFLSA were willful;

4. An award to Plaintiff and the putative Minnesota Rule 23 class for unpaid overtime wages and liquidated damages;

5. An award of any pre- and post-judgment interest;

6. An award of reasonable attorneys' fees and costs;

7.   Leave to amend to add additional plaintiffs, defendants, and/or state law claims by motion or any other method approved by the Court; and

8.   Such further relief as the Court deems just and equitable.

Dated:  April 14, 2021                                    **NICHOLS KASTER, PLLP**

*/s/ Michele R. Fisher*
Michele R. Fisher, MN Bar No. 303069
Kayla Kienzle, MN Bar No. 0399975
4700 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
fisher@nka.com
kkienzle@nka.com

ATTORNEYS FOR PLAINTIFF, THE PUTATIVE FLSA COLLECTIVE, AND THE PUTATIVE MINNESOTA RULE 23 CLASS